### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF OKLAHOMA

CLINT WALKER,                          )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )      Case No. CIV-19-008-RAW-KEW
                                       )
COMMISSIONER OF THE SOCIAL             )
SECURITY ADMINISTRATION,               )
                                       )
            Defendant.                 )

### REPORT AND RECOMMENDATION

Plaintiff Clint Walker (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other

kind of substantial gainful work which exists in the national economy. . ."  42 U.S.C. §423(d)(2)(A).  Social Security regulations implement a five-step sequential process to evaluate a disability claim.  *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to two inquiries:  first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means  such  relevant  evidence  as  a  reasonable  mind  might  accept  as

---

[1]   Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921.  If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.  If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.  *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 54 years old at the time of the ALJ's decision. Claimant obtained a GED. Claimant has worked in the past as a roughneck, foundry laborer, roofer, and mechanic. Claimant alleges an inability to work beginning July 7, 2015 due to limitations resulting from leg and knee problems, back problems, and associated pain.

### Procedural History

On May 17, 2016, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On August 10, 2017, Administrative Law Judge ("ALJ") Susan W. Conyers conducted an administrative hearing by video with Claimant appearing in Ardmore, Oklahoma and the ALJ

presiding from Oklahoma City, Oklahoma.  On February 7, 2018, the ALJ issued an unfavorable decision.  On November 14, 2018, the Appeals Council denied review.  As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation. She determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") to perform light work with limitations.

### Error Alleged for Review

Claimant asserts the ALJ committed error in failing to consider Claimant's mental limitation in the RFC.

### Mental Limitations

In her decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease of the thoracic and lumbar spine, lumbar spondylosis, lumbar radiculopathy, status-post laminectomy, and status-post right ankle fracture with open reduction internal fixation.  (Tr. 146).  The ALJ concluded that Claimant retained the RFC to perform light work except that he could occasionally climb ramps and stairs; he must avoid ladders, ropes, and scaffolds; and he could occasionally balance, stoop, kneel, crouch, and crawl.  (Tr. 147).

After consulting with a vocational expert, the ALJ concluded

4

Claimant could not perform his past relevant work but could perform the representative jobs of office helper, cash clerk II, and laundry sorter, all of which were found to exist in sufficient numbers in both the regional and national economies. (Tr. 152). As a result, the ALJ found Claimant was not disabled from July 7, 2015 through the date of the decision. Id.

Claimant contends that the ALJ failed to consider the effects of his mental limitations upon the RFC determination. With regard to Claimant's mental state, the ALJ found Claimant had been diagnosed as mildly depressed with a history of substance abuse. The ALJ noted the consultative psychological evaluation performed by Dr. Christopher Campbell on July 11, 2016. (Tr. 678-83). Dr. Campbell administered the Montreal Cognitive Assessment test to Claimant on which he scored a 29 out of 30. (Tr. 680). Claimant was found to be alert and oriented in all four spheres. He was calm and attentive during the interview. His frequency of speech was moderate and his speech was direct, normal in rate, and of appropriate volume. He appeared to have at least average intelligence and had an adequate fund of information. He displayed adequate short- and long-term memory. He presented with a pleasant mood and calm affect. (Tr. 682). Claimant's thought process was clear and coherent. He described "a long history of difficulties with judgment, insight, and impulse control that resulted in polysubstance abuse and multiple incarcerations." He stated, however, that his judgment and

5

impulse control had improved since he became more spiritual.  Dr. Campbell diagnosed Claimant with Major Depressive Disorder, recurrent, Mild; Stimulant Use Disorder, Severe, Amphetamine-Type Substance, in Sustained Remission, by history; Alcohol Use Disorder, Severe, in Sustained Remission, by history.  Dr. Campbell concluded Claimant's current mental health prognosis was fair, suggesting therapy if his depression symptoms increased.  (Tr. 683).

The ALJ evaluated Claimant's mental condition under the "paragraph B" criteria and determined he had no more than mild limitations in the four broad areas of mental functioning.  (Tr. 146).  The ALJ noted that the state agency psychological experts did not find Claimant had a severe mental impairment.  Id.  Indeed, Dr. Edith King (Tr. 272-73) and Dr. Sally Varghese (Tr. 295-96, 308-09) concluded Claimant's Affective Disorder was non-severe.

Moreover, Claimant was repeatedly evaluated and, on each occasion, he was found to either show no signs of depression or he exhibited no remarkable psychological condition.  (Tr. 568-69, 572-73, 577-78, 590, 593, 599, 601, 646, 698, 711, 724, 730, 763, 779, 789, 794, 914, 926, 943, 957, 974, 996).  No psychological professional suggested that Claimant suffered any limitations as a result of a mental condition.

Claimant correctly suggests that the ALJ was required to consider severe and non-severe impairments in his RFC evaluation.  *See* Carpenter v. Astrue, 537 F.3d 1264, 1266 (10th Cir. 2008) ("'At step two, the ALJ

must 'consider the combined effect of all of [Claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity [to survive step two]. Nevertheless, any error here became harmless when the ALJ reached the proper conclusion that Mrs. Carpenter could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence.'"), quoting Langley v. Barnhart, 373 F.3d 1116, 1123–24 (10th Cir. 2004) and 20 C.F.R. § 404.1523.  See also Hill v. Astrue, 289 Fed. Appx. 289, 292 (10th Cir. 2008) ("Once the ALJ finds that the claimant has any severe impairment, he has satisfied the analysis for purposes of step two. His failure to find that additional alleged impairments are also severe is not in itself cause for reversal. But this does not mean the omitted impairment simply disappears from his analysis. In determining the claimant's RFC, the ALJ is required to consider the effect of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'") [emphasis in original] [citations omitted].  The ALJ clearly considered Claimant's non-severe mental impairments in formulating his RFC.  He expressly recognized his obligation to consider "underlying physical and mental impairments" in evaluating Claimant's testimony and reaching the RFC.  (Tr. 148).  To some degree, it would be difficult for the ALJ to expound upon that which does not exist in the RFC – such as limitations arising from Claimant's mental condition in this case.  As a result, this Court finds the ALJ

7

properly considered Claimant's non-severe mental condition in this case.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 11th day of March, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

8